FILED
JAN 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE LAMAR WOODY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 08 0048 |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| Defendants. | ) |

### TRANSFER ORDER

This matter comes before the Court on review of plaintiff's *pro se* complaint. The Court will transfer this case to the United States District Court for the Eastern District of North Carolina.

Plaintiff currently is incarcerated at the Bertie Correctional Institution in Windsor, North Carolina. Compl. at 2. He alleges that the defendants have conspired to publish manuals pertaining to criminal procedure in such a way that inmates are deprived of access to the courts. *See id.* at 3-4. In addition to an award of costs and attorney fees, *see id.* at 5, he demands a declaratory judgment that "all North Carolina state prisoners convicted of violating N.C.G.S. 14-7.1 . . . [are] actually innocent of violating N.C.G.S. 14-7.1." *Id.* at 4.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of

1

> potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Plaintiff describes events which likely occurred in North Carolina and which involve judges and government officials in North Carolina. Potential witnesses in this case would likely be in North Carolina, which is plaintiff's place of detention. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F. Supp. 2d at 66. Therefore, in the interests of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that that the case be TRANSFERRED to the United States District Court for the Eastern District of North Carolina.

SO ORDERED.

/s/ _____
United States District Judge

Date: January 7, 2008