**FILED**

**JAN 23 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL ACTION NO. 08 0048 UNA

IN-RE: ANDRE LAMAR MOODY ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY SITUATED
　　　　　　　　　　PLAINTIFFS

V.

UNITED STATES OF AMERICA
JAMES C. DEVER III
STATE OF NORTH CAROLINA
MICHAEL F. EASLEY
LEXIS PUBLISHING
NANCY S. NASH

　　　DEFENDANT(S)

MOTION: LOCAL RULE 59(3) MOTION FOR RECONSIDERATION

— REQUEST FOR RELIEF —

PLAINTIFF ON BEHALF OF HIMSELF AND HIS CLASS DOES, HERE-BY REQUEST THAT THIS COURT IMMEDIATELY ORDER VACATION OF ITS JAN. 7, 2008 ORDER OF TRANSFER OF THE ABOVE CASE TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTICT OF NORTH CAROLINA AND FOR THIS COURT TO FURTHER PROCESS HIS COMPLAINTS.

— ARGUMENTS —

PLAINTIFF ON BEHALF OF HIMSELF AND HIS CLASS DOES SEEK RELIEF FROM BEING DENIED ACCESS TO COURTS BY U.S. JUDGE JAMES C. DEVER III IN CASE NUMBER CV-32-D.

IN CASE CV-32-D CLASS SOUGHT RELIEF FROM CONSPIRACY IN WHICH DEFENDANTS STATE OF NORTH CAROLINA AND ENTITIES PUBLISHED LEGAL MANUALS THAT INCORRECTLY STATE N.C.G.S. 14-7.1 OR THE HABITUAL FELON STATUTE.

BY USE OF DEFECTIVE MANUALS CLASS MEMBERS ARE CURRENTLY BEING CONVICTED OF VIOLATING THE HABITUAL FELON DECLARATION WHICH IS NOT AN ILLEGAL ACT.

CLASS NOW SEEKS COMPENSATORY AND DECLARATORY RELIEF FROM THIS COURT.

THIS COURT HAS CONSTRUCTIVELY ORDERED DISMISSAL OF ONE OF CLASS'ES CLAIMS AND TRANSFERED OTHER CLAIM BACK TO SAME COURT WERE VIOLATION "DENIAL OF ACCESS" TOOK PLACE.

ABOVE DISPOSITION WAS IMPROPER BECAUSE CLASS'ES DENIAL OF ACCESS CLAIM WAS DISMISSED AND COURT IS CAUSING CLASS TO ABUSE WRIT PROCESS AND OR HARRASS DEFENDANT NORTH CAROLINA AND ITS ENTITIES IN CASE CV-32-D.

CASE CAN CLEARLY NOT BE BROUGHT IN N.C. EASTERN DISTRICT FOR ABOVE REASONS, AND WILL AGAIN END IN THAT COURT'S DISMISSAL WITH PREJUDICE.

THIS COURT'S TRANSFER ORDER WAS IN VIOLATION OF 28 U.S.C. §1404(A) BECAUSE CASE CAN NOT BE BROUGHT IN THAT COURT AGAIN AND IS NOT IN INTEREST OF JUSTICE.

JUSTICE WILL BE CLASS OBTAINING RELIEF FROM ABOVE CIVIL RIGHTS VIOLATIONS.

WHITLOCK V. JOHNSON, 153 F.3D 380, 389 (7TH CIR. 1998)(PROSPECTIVE INJUNCTION IN §1983 CLASS ACTION SUIT CONTESTING HEARING PRACTICES IN WHICH INMATES LOST GOOD TIME CREDITS WAS PROPER, BUT RETROSPECTIVE REVIEW OF LOST OF CREDITS WAS NOT IN SCOPE OF POSSIBLE §1983 RELIEF);

28 U.S.C. §1746

PLAINTIFF UNDER PENALTY OF PERJURY SWEARS ABOVE DATA IS TRUE AND CORRECT JAN. 11, 2008.

-CERTIFICATE OF SERVICE-

PLAINTIFF CERTIFIES A COPY OF THIS REQUEST WAS SENT TO DEFENDANTS' ATTORNEY BY U.S. MAIL JAN. 11, 2008.

U.S. ATTORNEY GEN.
DEPT. OF JUSTICE
950 PENNSYLVANIA AVE. N.W.
WASHINGTON D.C.
20530-0001

PRO-SE PLAINTIFF
ANDRE LAMAR WOODY
#0452683
P.O. BOX 129
WINDSOR N.C.
27983

SIGNED: Andre L. Woody

FILED
JAN 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE LAMAR WOODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 0048 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### TRANSFER ORDER

This matter comes before the Court on review of plaintiff's *pro se* complaint. The Court will transfer this case to the United States District Court for the Eastern District of North Carolina.

Plaintiff currently is incarcerated at the Bertie Correctional Institution in Windsor, North Carolina. Compl. at 2. He alleges that the defendants have conspired to publish manuals pertaining to criminal procedure in such a way that inmates are deprived of access to the courts. *See id.* at 3-4. In addition to an award of costs and attorney fees, *see id.* at 5, he demands a declaratory judgment that "all North Carolina state prisoners convicted of violating N.C.G.S. 14-7.1 . . . [are] actually innocent of violating N.C.G.S. 14-7.1." *Id.* at 4.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of

> potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Plaintiff describes events which likely occurred in North Carolina and which involve judges and government officials in North Carolina. Potential witnesses in this case would likely be in North Carolina, which is plaintiff's place of detention. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F. Supp. 2d at 66. Therefore, in the interests of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that that the case be TRANSFERRED to the United States District Court for the Eastern District of North Carolina.

SO ORDERED.

_____
United States District Judge

Date: January 7, 2008